■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v REBA ISAAC et al., Defendants, and EARL CHEATHAM et al., Respondents. (And Other Titles.) [732 NYS2d 355] —In an action, *inter alia*, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Reba Isaac, a/k/a Sandra Smith, individually and as administratrix of the estate of Robert Smith, Wanda Smith, and Nancy Hall, in connection with an incident which occurred on July 9, 1995, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), as denied its motion for summary judgment and granted the cross motion of Earl Cheatham and Sheila Cheatham pursuant to CPLR 3025 (b) for leave to amend their answer to assert claims sounding in negligence.

Ordered that the order is modified by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The claims sounding in negligence which Earl Cheatham and Sheila Cheatham sought to add to their answer are barred by the three-year Statute of Limitations set forth in CPLR 214. Furthermore, the relation-back doctrine set forth in CPLR 203 (f) does not apply to the facts of this case. Nonetheless, the fact that any claims that may be asserted against the plaintiff's insureds are now time-barred does not provide a basis for granting the plaintiff summary judgment in its favor. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.